# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: IN THE MATTER OF ROD WILLHOFT | CIVIL ACTION |
| | NO. 21-1655  C/W<br>       21-2042 and 22-567 |
| | SECTION: T (2) |
| | REF:  ALL CASES |

## SCHEDULING ORDER

A Scheduling Conference was held May 26, 2022.

Participating were:   Randall A Smith, Dylan T. Leach, Richard Gary Higgins, Sarah Mae Kalis, Jon Wesley Wise, David A. Strauss, Philip C. Brickman, Roy L. Schroeder and Jay Christopher ZaineY, Jr.

Pleadings have been completed.  Jurisdiction and venue are established.

Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have not been completed.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) must be exchanged no later than Thursday, June 9, 2022.

All pretrial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than **Wednesday, February 1, 2023**.  **This Section adheres to Local Rule 78.1E regarding oral argument on motions.  However, this Court will issue an order setting oral argument for a specific date and time if the Court deems it necessary.  Counsel should not appear for oral argument until ordered to do so.  Deadlines for response memoranda are not extended—those**

**deadlines are based on the <u>noticed</u> submission date and are governed by the Local Rules. Motions filed in violation of this order will not be considered unless good cause is shown.** THIS NOTICE DOES <u>NOT</u> APPLY TO PROCEEDINGS BEFORE THE ASSIGNED MAGISTRATE JUDGE.

**Deposition transcripts submitted in support of motions are to be in an uncompressed format, specifically, double spaced lines on single sided pages.**

In addition, the Court reiterates that Local Rule 7.4 requires leave of court to file a reply to a respondent's opposition and Local Rule 7.7 sets page limitation.

Motions for summary judgment and oppositions to motions for summary judgment shall be filed in compliance with Local Rules 56.1 and 56.2 requiring parties to file short and concise statement of material facts as to whether there does or does not exist a genuine issue to be tried. Additionally, each party shall make specific reference to record evidence supporting its statement of material facts. Citations to record evidence shall indicate, whenever applicable, an extra exhibit reference, page reference and records document number reference. Record evidence not specifically referred to by the parties may not be considered by the Court.

Depositions for trial use shall be taken and all discovery shall be completed no later than Tuesday, January 17, 2023.

Amendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than Friday, June 24, 2022.

Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Minute Entry. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

Written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who

may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than Thursday, December 1, 2022. The same deadline applies for any expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).

Written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than Friday, December 30, 2022. The same deadline applies for any expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial not later than Friday, December 30, 2022.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

No later than sixty (60) days after the scheduling conference, the parties shall submit a joint status report to the court. The status report should be e-filed into the record. The status report shall contain:

(1) A listing of all the parties and counsel who represent the parties;

(2) A listing of any motions pending for decision in the case, the date any motion was submitted for decision or is set for hearing, an indication of whether oral argument was previously or shall be requested on the motion, and an indication whether an evidentiary hearing shall be needed on the motion, such as in class certification proceedings;

(3) The dates and times of any status conference, pretrial conference and trial set in the case; a statement as to whether the case is jury or non-jury; and the number of

      expected trial days.

(4)    A **BRIEF** description of the factual and legal issues underlying the dispute;

(5)    A listing of any discovery that remains to be done; and

(6)    A description of the status of any settlement negotiations.

Any party may request a status conference with the Court. The Court may call a status conference at any time, if deemed necessary. Only counsel of record may participate in status conference with the Court.

**IT IS ORDERED THAT COUNSEL FOR THE PLAINTIFF CONTACT THE ASSIGNED MAGISTRATE JUDGE SIX WEEKS PRIOR TO THE PRETRIAL CONFERENCE DATE FOR THE PURPOSE OF SCHEDULING A SETTLEMENT CONFERENCE WHICH SHOULD BE HELD NO LESS THAN TWO WEEKS PRIOR TO THE PRETRIAL CONFERENCE.**

This case may involve extensive documentary evidence, depositions or other discovery. No special discovery limitations beyond those established in the Federal Rules, Local Rules of this Court.

A Final Pretrial Conference will be held on **Wednesday, March 1, 2023, at 2:00 p.m. Counsel shall participate by phone at (877) 873-8018; Access Code: 6487932.** Counsel will be prepared in accordance with the final Pretrial Notice attached. Notwithstanding the attached Pretrial Notice, pretrial orders are to be filed electronically by 4:30 p.m. on a day that allows two (2) full work days prior to the conference, excluding Saturdays, Sundays and holidays (i.e., if the conference is set for 10:00 a.m. Friday, it must be filed electronically by 4:30 p.m. Tuesday. If the conference is set on Monday, the pre-trial order must be filed electronically on Wednesday by 4:30 p.m.). **THE PRETRIAL ORDER SUBMITTED TO THE COURT MUST BE DOUBLE**

**SPACED AND SIGNED BY ALL COUNSEL.**

Trial will commence the week beginning **Monday, March 20, 2023**, at **9:30 a.m.** before the District Judge without a jury. Attorneys are instructed to report for trial no later than 30 minutes prior to this time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last 14 days.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. Continuances will not normally be granted.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

Issued for the Court:
By:   Dedra D. Pongracz
      Case Manager
      504-589-7747

**COUNSELOR:**

**PLEASE READ THIS ORDER CAREFULLY. IT CONTAINS INSTRUCTIONS REGARDING MOTION PRACTICE AND PROCEDURES FOR SCHEDULING A SETTLEMENT CONFERENCE THAT APPLY IN SECTION "T" ONLY.**